**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STEPHEN S. EDWARDS,

                    Plaintiff,

v.                                                    Civ. Action No. 19-3316 (EGS)

BEST BUY CO., INC., *et al*.,

                    Defendants.

<u>**MEMORANDUM OPINION**</u>

### I.    Factual and Procedural Background

Plaintiff Stephen S. Edwards ("Mr. Edwards") brings this suit after an incident at a Best Buy store in Arizona, where Mr. Edwards resides. *See generally* Compl., ECF No. 1. Mr. Edwards claims that an elderly Best Buy employee, Mr. Lance Klein ("Mr. Klein"), physically and sexually assaulted him while he was at a Best Buy store but provides no further details of the incident. *See id.* ¶ 13-15.

The present Complaint is the latest in a series of actions related to this incident. The first dates to September 22, 2015, when Mr. Edwards filed suit in the U.S. District Court for the District of Arizona against Best Buy Company of Minnesota, Inc., BestBuy.com LLC, and Mr. Klein. *See Edwards v. Best Buy*, Civ. No. 15-1901 (PHX-DLR), Compl., ECF No. 1. The action was

dismissed on October 15, 2015, for lack of subject matter jurisdiction. *See Edwards*, Civ. No. 15-1901*, Order, ECF No. 9. Mr. Edwards subsequently brought a suit against Best Buy Company of Minnesota and BestBuy.com in Arizona state court on December 15, 2015, which the defendants removed to the U.S. District Court for the District of Arizona. *See Edwards v. Best Buy Co.*, Inc., Civ. No. 16-0014 (DKD), Notice of Removal, ECF No. 1-1. The federal court in Arizona dismissed all of Mr. Edwards's claims and granted Best Buy's Motion for Summary Judgment on March 28, 2017. *See id.*, Order, ECF No. 54.

Following a timely appeal, on October 31, 2018, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed the holding of the Arizona District Court and "reject[ed] as without merit Edwards's contentions that the district court was biased against him." *Edwards v. Best Buy*, No. 17-15642 (9th Cir.), ECF No. 27-1 at 2. A three-judge panel then denied his petition for a panel rehearing on April 4, 2019; and asserted that "[n]o further filings will be entertained in this closed case." *Id.*, Order, ECF No. 30 at 1.

While the Arizona case was ongoing, Mr. Edwards filed a Complaint on August 29, 2017, in the U.S. District Court for the District of Minnesota against Best Buy Corporate Office, Best Buy, Inc., and Mr. Klein. *See Edwards v. Best Buy Corporate Office*, Civ. No. 04016 (WMW-FLN). The case was dismissed by a

Magistrate Judge on January 30, 2018, for lack of subject matter jurisdiction. *See id.*, Order, ECF No. 22 at 4. Mr. Edwards timely filed an objection to the Magistrate Judge's order, which the District Court overruled. *See id.*, ECF No. 27.

Mr. Edwards now brings his claims against Best Buy in this District, alleging fraud on the court, a violation of 42 U.S.C. § 1983, negligent hiring and respondeat superior, instead of his earlier claims of assault, sexual battery, and intentional infliction of emotional distress. *Compare* Compl., ECF No. 1 at 2-4, *with Best Buy*, Civ. No. 16-0014 (DKD), ECF No. 1-1 at 9-11. He also sues the United States of America, claiming that the Federal Bureau of Investigation ("FBI") "violated [his] civil rights under [Section] 1983 . . . by refusing to investigate the illegal activities of the Arizona Federal District Court to allow [him] to proceed with civil litigation [and] denied [him] his Sixth Amendment rights afforded by the United States constitution." Compl., ECF No. 1 ¶ 35-39. Mr. Edwards seeks "judgment in an amount sufficient to compensate him." *Id.* at 6.

The Best Buy defendants move this court to dismiss the complaint based on lack of personal jurisdiction, failure to state a claim upon which relief may be granted, res judicata and collateral estoppel, and the statute of limitations. *See* Defs.' Mem. Supp. Mot. to Dismiss ("Best Buy's Mot. to Dismiss"), ECF No. 7-1 at 11-12. Best Buy further moves this Court for

attorney's fees and an injunction to prevent additional litigation. *See id.* at 30. The government also moves to dismiss, arguing that the Court lacks subject matter jurisdiction over the claim against the government, and that sovereign immunity bars any money damages claim. *See* Def.'s Mem. Supp. Mot. to Dismiss ("Gov't's Mot. to Dismiss"), ECF No. 20-1 at 4-5. Mr. Edwards has responded to both motions. *See* Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp. to Best Buy"), ECF No. 11; Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp. to Gov't"), ECF No 21. Best Buy has also submitted a reply. *See* Defs.' Reply ("Best Buy's Reply"), ECF No. 9. The motions are ripe and ready for adjudication.

## II.  Standards of Review

### A. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction and "possess only that power conferred by [Article III of the] Constitution and [by] statute." *Logan v. Dep't of Veterans Affairs,* 357 F. Supp. 2d 149, 152 (D.D.C. 2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). "There is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the plaintiff in this case, to establish that the Court has subject matter jurisdiction over the action." *Id.* at 153 (citing *McNutt v. Gen.*

*Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 182–83, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

The requirement of "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). "[T]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). There are three requirements for standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-61 (internal citation omitted).

In assessing whether a complaint sufficiently alleges subject matter jurisdiction, the Court accepts as true the allegations of the complaint, *see Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); and liberally construes the pleadings such that the plaintiff

benefits from all inferences derived from the facts alleged, *Barr v. Clinton,* 370 F. 3d 1196, 1199 (D.C. Cir. 2004).

However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (internal citations, quotation marks and brackets omitted). Consequently, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject matter jurisdiction if it is not colorable, *i.e.,* if it is immaterial and made solely for the purpose of obtaining jurisdiction or it is wholly insubstantial and frivolous." *Arbaugh,* 546 U.S. 500, 513 n.10, 126 S. Ct. 1235 (2006) (internal citation omitted); *accord Tooley v. Napolitano,* 586 F.3d 1006, 1009 (D.C. Cir. 2009) (internal citation omitted).

**B. Personal Jurisdiction**

A "court's exercise of personal jurisdiction over nonresidents must satisfy both the Due Process Clause and D.C.'s long-arm statute." *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 173 (D.D.C. 2018) (internal citation omitted). To satisfy due process requirements, "a plaintiff must demonstrate that there are 'minimum contacts between the defendant and the forum establishing that the maintenance of the

suit does not offend traditional notions of fair play and substantial justice.'" *Swecker v. Midland Power Coop.*, 253 F. Supp. 3d 274, 278 (D.D.C. 2017) (internal citation omitted). The court may exercise either general or specific personal jurisdiction. *The Urban Institute v. Fincon Services*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010).

"A court with general jurisdiction may hear *any* claim against that defendant." *Brystol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017). For purposes of general jurisdiction, a corporate defendant is "paradigmatically 'at home' at either their place of incorporation or principal place of business." *Id.* (quoting *Daimler AG v. Bauman*, 134 S. Ct 746, 749 (2014)). In addition, "'[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Id.* (quoting *Goodyear, Dunlop Tires Operations, S.A. v. Brown*, 562 U.S. 915, 919, 131 S. Ct. 2846; 180 L. Ed. 2d 796 (2011)).

In contrast, "[s]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 122 (D.D.C. 2018)

(quoting *Goodyear*, 562 U.S. at 919). "[S]pecific jurisdiction exists if a claim is related to or arises out of the non-resident defendant's contacts with the forum." *Molock*, 297 F. Supp. 3d at 122. A plaintiff must demonstrate "that specific jurisdiction comports with the forums long-arm statute, D.C. Code § 13-423(a), and does not violate due process." *Id.* (citing *FC Inv. Group LC v. IFX Markets Ltd.*, 529 F.3d 1087, 1094-65 (D.C. Cir. 2008)).

**C. Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While detailed factual allegations are not required, a complaint must contain "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." *EEOC v. St. Francis*

*Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997). In so doing, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A "*pro se* complaint is entitled to liberal construction." *Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009) (citation omitted). Even so, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### D. Res Judicata

Under the doctrine of res judicata*,* also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Apotex Inc. v. FDA,* 393 F. 3d 210, 217 (D.C. Cir. 2004). "As the Supreme Court has explained: 'To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quoting *Montana v. United States,* 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)). The doctrine embodies the principle "that a party who once has had a chance to litigate a claim before an appropriate tribunal

usually ought not to have another chance to do so." *SBC Comms. Inc. v. FCC,* 407 F. 3d 1223, 1229 (D.C. Cir. 2005) (internal quotation omitted).

## III. Analysis

### A. The Court Has No Personal Jurisdiction Over Mr. Edwards's Claims Against Best Buy

Best Buy argues that the Court lacks personal jurisdiction, both general and specific, over the Best Buy defendants. *See* Best Buy's Mot. to Dismiss, ECF No. 7-1 at 15-17. Best Buy asserts—and Mr. Edwards does not dispute—that there is no general jurisdiction in this case.[1] *See id.* Best Buy also argues that there is no specific jurisdiction, since the claims against Best Buy arise from an alleged incident in Arizona unrelated to its business in the District of Columbia ("D.C." or the "District"). *See id.* at 17. Mr. Edwards responds that "there can be no doubt that Defendant Best Buy purposely conducted business in Washington D.C." and that "the cause of action between the

---

[1] Best Buy points out that it is incorporated in Virginia and has its principal place of business in Minnesota. *See* Best Buy's Mot. to Dismiss, ECF No. 7-1 at 16. It has one store in D.C., and therefore asserts—and the Court agrees—that it is not subject to general jurisdiction within D.C. *See id.* at 17; *see also Goodyear,* 564 U.S. at 919. Since Edwards does not contest the issue, the Court does not discuss it further.

parties arose in Washington, D.C." Pl.'s Resp. to Best Buy, ECF
No. 11 at 2. The Court disagrees.

"[S]pecific jurisdiction exists if a claim is related to or
arises out of the non-resident defendant's contacts with the
forum." *Molock*, 297 F. Supp. 3d at 122. A plaintiff must "make
two showings... that specific jurisdiction comports with the
forums long-arm statute, D.C. Code § 13-423(a), and does not
violate due process." *Id.* (internal citation omitted). Under the
District of Columbia's long-arm statute, "jurisdiction exists if
the claim against the non-resident defendant arises from the
defendant's:

> (1) transacting any business in the District
> of Columbia;
>
> (2) contracting to supply services in the
> District of Columbia;
>
> (3) causing tortious injury in the District
> of Columbia by an act or omission in the
> District of Columbia;
>
> (4) causing tortious injury in the District
> of Columbia by an act or omission outside
> the District of Columbia if the defendant
> regularly does or solicits business, engages
> in any other persistent course of conduct,
> or derives substantial revenue from goods
> used or consumed, or services rendered, in
> the District of Columbia; [or]
>
> (5) having an interest in, using, or
> possessing real property in the District of
> Columbia[.]"

D.C. Code § 13-423.

Here, Mr. Edwards's claims against Best Buy do not arise from or relate to the business it conducts in D.C., which includes one store. *See* Best Buy's Mot. to Dismiss, ECF No 7-1 at 17. The alleged incident from which this action arises took place in Phoenix, Arizona. *See generally* Compl., ECF No. 1. Consequently, asserting specific personal jurisdiction in this case, as Best Buy points out, would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Accordingly, the Court concludes that it is without jurisdiction to consider Mr. Edwards's claims against Best Buy. Absent personal jurisdiction, the Court does not need to address Best Buy's additional arguments of failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), res judicata and collateral estoppel, and the statute of limitations.[2] *See* Best Buy's Mot. to Dismiss, ECF No. 7-1 at 11-12.

### B. The Court Lacks Subject Matter Jurisdiction Over Mr. Edwards's Claim Against the Government

The government contends that the Court lacks subject matter jurisdiction because Mr. Edwards does not have standing to challenge the action, or in this case, inaction, of the FBI. *See*

---

[2] Although not necessary for the purpose of determining whether the Court has jurisdiction, the Court nonetheless considers some of these arguments in the context of its sanctions analysis. *See infra*, Section III(C)(2).

Defs.' Mot., ECF No. 20-1 at 4.[3] Mr. Edwards's response confuses subject matter jurisdiction with personal jurisdiction and thereby does not respond to the government's argument. *See* Pl.'s Resp. to Gov't, ECF No. 21 at 1-2.

When a suit challenges the legality of government action or inaction, the factual basis needed to establish standing "depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue." *Lujan*, 504 U.S. at 561. In cases where "a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed." *Id.* at 562. The rule is even more inflexible in the criminal investigation and prosecution context: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973); *see also Maguire v. Fed. Bureau of Investigation*, 236 F. Supp. 3d 147, 150 (D.D.C. 2017) (quoting *Whitner v. United States*, No. 11-14458, 2012 WL 88284, at *2 (E.D. Mich. Jan. 11, 2012)) ("The investigation and prosecution of crimes is a discretionary

---

[3] The government also asserts that Mr. Edwards fails to state a claim and that the Court lacks authority to grant relief due to federal sovereign immunity. *See* Defs.' Mot., ECF No. 20-1 at 4-5. Since the Court agrees that it does not have subject matter jurisdiction, it is unnecessary to reach either issue.

function of the FBI, and the Plaintiff lacks standing to challenge any decision by the FBI with regards to an alleged failure to investigate.").

Mr. Edwards claims damages based on the FBI's failure to investigate his claim of the "illegal activities of the Arizona Federal District Court," Compl., ECF No. 1 ¶ 37; his asserted injury therefore arises from the government's "unlawful regulation (or lack of regulation) of someone else," *Lujan*, 504 U.S. at 562. The authority before the Court, which Mr. Edwards does not distinguish, establishes that "the investigation and prosecution of crimes is a discretionary function of the FBI," and that Mr. Edwards lacks a "judicially cognizable interest in the prosecution or nonprosecution" of the Arizona District Court.

Accordingly, the Court concludes that Mr. Edwards lacks standing to challenge the FBI's alleged inaction and seek money damages.

### C. Best Buy is Entitled to Attorney Fees and Filing Sanctions against Edwards

Best Buy argues that this action is Mr. Edwards's "fourth attempt to litigate the same allegations and issues against Best Buy" and that there is "absolutely no justifiable reason for Mr. Edwards to bring his complaints to D.C., except for improper, vexatious, and frivolous reasons." Best Buy's Mot. to Dismiss, ECF No. 7-1 at 30. Consequently, Best Buy argues that it should

14

be awarded all attorney's costs and fees, and Mr. Edwards should be enjoined from bringing this cause of action in another court. *Id.*

Mr. Edwards's response does not address the merits of Best Buy's res judicata claim but states only that Best Buy "is just plainly wrong" and that these "issues have not been litigated previously, and even if some perverse reading suggests they have, then the Defendant has engaged in fraudulent conduct that would not prohibit the filing of this case." Pl.'s Resp. to Best Buy's Mot., ECF No. 11 at 3. Based on the record before the Court, the Court is persuaded by Best Buy's requests. Each is discussed below in turn.

### 1. Best Buy is Entitled to Attorney's Fees

"Rule 11 authorizes the court to sanction an attorney, law firm, or party under specified circumstances, but also makes clear that [a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct[.]" *Smith v. Scalia*, 44 F. Supp. 3d 28, 45 (D.D.C. 2014) (citing Fed. R. Civ. P. 11) (internal quotation marks omitted). The bases for sanctions include that a party's legal contentions are frivolous or unwarranted under existing law, or that the claims have been presented for an improper purpose such as harassment. *Id.*; *see also* Fed. R. Civ. P. 11(c)(1); *Crawford-El v. Britton*, 523 U.S. 574, 600, (1998); *Anthony v. Baird*, 12 F. Supp. 2d 23,

25 (D.D.C. 1998).

Rule 11 sanctions can be imposed on *pro se* litigants. *See Smith*, 44 F. Supp. 3d at 45 (citing Fed. R. Civ. P. 11(b); *Patterson v. Aiken*, 841 F. 2d 386 (11th Cir. 1988)). In *Patterson*, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's "imposition of attorney's fees as monetary sanction under Rule 11" after the *pro se* plaintiff filed a fifth lawsuit bringing antitrust and constitutional claims against parties who were involved in litigating his four prior actions. 841 F.2d at 387.

Here, the procedural history establishes that Mr. Edwards brought this action first in Arizona, then in Minnesota, then filed an appeal which he lost in the Ninth Circuit, before filing suit in D.C. *See supra*, Section I; *see also Edwards,* Civ. No. 17-15642, Pl.'s Reply, ECF No. 23 at 2 (asserting that "[Mr.] Edwards has No Trust in Phoenix hence why he filed his action [while the Arizona case was pending] against Best Buy in their home district of Minnesota."). Mr. Edwards was unsuccessful in each case.

Not only do his claims against Best Buy arise from the same incident, but Mr. Edward's claim of fraud on the court was raised on appeal in the Arizona case and dismissed by the Ninth Circuit. *See Edwards*, No. 17-15642, ECF No. 23 at 2 (raising the fraud on the court argument); ECF No. 27-1 at 2 ("reject[ing] as

without merit Edwards's contentions that the district court was biased against him" and denying all pending requests and motions).

The record shows that in bringing the present action, Mr. Edwards did not distinguish his claims from the earlier actions, instead choosing to repeat his conclusory statements that "[t]here remains a video of an assault by Best Buy and that Best Buy continues to surpress [sic] that evidence is a conscience of guilt." Pl.'s Resp. to Best Buy's Mot., ECF No. 11 at 3. Like the *pro se* plaintiff in *Patterson*, 841 F.2d at 387, Mr. Edwards should have realized that bringing the same claims yet again, this time in a third District, is improper and amounts to harassment. Accordingly, the Court will award attorney's fees as a monetary sanction under Rule 11.

### 2. Best Buy is Entitled to a Pre-Filing Injunction

The Court also grants Best Buy's request for an injunction to bar Mr. Edwards from filing this claim again. "[A] court may employ injunctive remedies"—such as filing restrictions—"to protect the integrity of courts and the orderly and expeditious administration of justice." *Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989) (quoting *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)). However, such restrictions must be narrowly tailored and "should remain very much the exception to the general rule of free access to the courts." *In re*

*Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (citing *Urban*, 768 F. 2d at 1500). In addition, "the use of such measures against pro se plaintiffs should be approached with particular caution." *Smith*, 44 F. Supp. 3d at 46 (internal citations and quotations omitted).

In response to these concerns, prior to issuing pre-filing injunctions, Courts employ three steps: first, "notice and the opportunity to be heard are provided;" second, "the court develops a record for review that considers both the number and content of the [plaintiff's] filings;" and third, "the court make[s] substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* (internal citations and quotations omitted).

### a. Mr. Edwards Had Notice Of a Possible Injunction and Opportunity to Be Heard

Here, Best Buy's motion to dismiss provided Mr. Edwards with sufficient notice that he may be enjoined from making future filings regarding this claim, stating that "[Mr. Edwards] should be barred from filing this cause of action in another court." Best Buy's Mot. to Dismiss, ECF No. 7-1 at 30. Mr. Edwards also "has had the opportunity to be heard on the matter of whether a prospective pre-filing injunction is appropriate because he was free to address the injunction issue in the context of his briefs in opposition to [Best Buy's] motion[]," *Smith*, 44 F. Supp. 3d at 46; but he did not, *see generally* Pl.'s

Resp. to Best Buy, ECF No. 11.

### b. The Number and Content of Mr. Edwards's Filings Present a Compelling Record

The number and content of Mr. Edwards's filings present a compelling record for consideration of a pre-filing injunction. Mr. Edwards attempts to litigate the same incident and reasserts fraud on the court despite his argument not having previously succeeded on the merits. *See generally* Compl., ECF No. 1; *Edwards*, Civ. No. 16-0014, ECF No. 54; *Edwards*, No. 17-15642, ECF No. 27-1. While his Arizona action was pending, Mr. Edwards improperly brought his case in another district because he "ha[d] No Trust in Phoenix hence why he filed his action against Best Buy in their home district of Minnesota." *Edwards,* Civ. No. 17-15642, Pl.'s Reply, ECF No. 23 at 2. Further, when his argument of fraud on the court failed on appeal, Mr. Edwards took it to the FBI, and then brought his case in this District, adding a frivolous claim against the FBI for not investigating his allegation of fraud. *See generally* Compl., ECF No. 1. In view of this record, the Court concludes that the record weighs in favor of an injunction to prevent further relitigation.

### c. Mr. Edwards's Claims Are Substantively Frivolous and Unwarranted by Existing Law

The Court has already discussed why it lacks personal jurisdiction over Mr. Edwards's claims. However, for purposes of the injunction analysis, the Court further observes that Mr.

Edwards fails to state a claim of either fraud on the court or a violation of 42 U.S.C. § 1983, and that his remaining claims are barred by res judicata.

Under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of "a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Best Buy argues-and the Court agrees-that the complaint fails to state a claim under § 1983 because "Mr. Edwards does not allege that the Best Buy Defendants were "acting under color of state law" nor does he allege a specific deprivation of Constitutional rights nor a specific law of the United States." Best Buy's Mot. to Dismiss, ECF No. 7-1 at 18.

Mr. Edwards does not respond to this argument, but states in his complaint that he is "entitled to various civil rights, including the protection of his person from a physical attack," and that the Best Buy employee who allegedly assaulted him "violate[d] his civil rights." Compl., ECF No. 1 at 2. The Court is unaware of, and Mr. Edwards does not cite any authority in support of, any civil right "to be free from assault and safe while in the [Best Buy] store." *Id.* Nor does Mr. Edwards establish that the alleged deprivation by an employee at a private company was committed by a person acting "under color of

state law." *Sullivan*, 526 U.S. at 49-50. Accordingly, the Court concludes that Mr. Edwards fails to state a § 1983 claim.

The Court also holds that Mr. Edwards has not stated a claim for fraud on the Court. Such a claim would arise under the Court's statutory and equitable powers, and permits a court to relieve a party from a "final judgment, order, or proceeding" for "fraud ... misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To bring a fraud claim, Fed. R. Civ. P. 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the Rule 9(b) particularity requirement, "[t]he circumstances that a plaintiff must plead with particularity 'include matters such as the time, place and content of the false misrepresentations; the misrepresented fact; and what the opponent retained or the claimant lost as a consequence of the alleged fraud.'" *Kettey v. Saudi Ministry of Educ.*, 53 F. Supp. 3d 40, 54 (D.D.C. 2014) (quoting *McQueen v. Woodstream Corp.*, 248 F.R.D. 73, 77 (D.D.C. 2008)). "In other words, Rule 9(b) requires that the pleader provide the 'who, what, when, where, and how' with respect to the circumstances of the fraud." *Id.*

Best Buy alleges that "[t]he Complaint does not identify who made any fraudulent statement, what the fraudulent statements stated, when the alleged statement occurred, or who the statement was made to." Best Buy's Mot. to Dismiss, ECF No.

7-1 at 23. The Court agrees that the information in Mr. Edwards's filings presents no factual basis for his claim of fraud on the Court. Mr. Edwards alleges only that his prior action in the Arizona Federal District Court was dismissed by a Magistrate Judge who was "misled by inaccurate representations of fact regarding surveillance video by counsel for the Defendant." Compl., ECF No. 1 ¶ 30-34. Mr. Edwards does not identify the alleged "inaccurate representations" or provide any facts establishing how the Magistrate Judge was misled. *See id.* Even construing the filings liberally since Mr. Edwards is proceeding *pro se*, *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999); the Court concludes that Mr. Edwards presents only "conclusory statements" alongside the "[t]hreadbare recitals of the elements of a cause of action."[4]

---

[4] "'Fraud upon the court' . . . embrace[s] only that species of fraud which does or attempts to[ ] subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Bowie v. Maddox*, 677 F. Supp. 2d 276, 278–79 (D.D.C. 2010) (quoting *Synanon Church v. United States,* 579 F. Supp. 967, 974 (D.D.C.1984)). Although the requirements for a successful claim of fraud on the court elude precise definition, the case law suggests that (1) the fraud must be egregious; (2) the perpetrator of the fraud must possess a sufficient mental state; and (3) there must be "clear and convincing" evidence of fraud on the court for the "extraordinary step" of setting aside a judgment. *Id.*

*Iqbal*, 556 U.S. at 678.

Additionally, the Court finds that Mr. Edwards's remaining claims are barred by res judicata. "A subsequent lawsuit is barred by [res judicata] if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *NRDC v. EPA*, 513 F. 3d 257, 260 (D.C. Cir. 2008) (internal citation and quotation marks omitted). Res judicata acts as a bar not only to the specific legal claims that were raised in the prior case, but also to any legal claims that "could have been raised" based on the same transaction or occurrence. *Role Models America, Inc. v. Penmar Development Corp.*, 394 F. Supp. 2d 121, 130 (2005) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Best Buy asserts that "the issues and allegations set forth in this Complaint have been fully and fairly decided" and that "Mr. Edwards cannot escape an adverse judgment against him by raising the same issues, couched under new causes of action, in a new court." Best Buy's Mot. to Dismiss, ECF No. 7-1 at 26. The Court agrees. There is no dispute that the parties in this case are identical. *See* Compl., ECF No. 1 ¶ 8 (stating "a prior action between the parties was litigated in the United States District Court for the District of Phoenix"). There is also no

dispute that the Arizona Federal Court was a court of competent jurisdiction and returned a final judgment on the merits. *See id.* ¶ 9 (stating "[t]hat the prior action was resolved favorably to Defendant Best Buy . . ..""). Although Mr. Edwards contests the validity of this judgment based on fraud on the court, he has not adequately pled this claim, *see supra*; additionally, this claim has already been rejected by the Ninth Circuit, and he does not assert any shortcomings in the Ninth Circuit's competency or jurisdiction, *see generally* Compl., ECF No. 1.

The remaining element of res judicata is whether the lawsuit involves the same claims or cause of action, *see NRDC*, 513 F.3d at 260; that is, "[w]hether two cases implicate the same cause of action turns on whether they share the same nucleus of facts." *Apotex, Inc. v. FDA*, 393 F. 3d 210, 217 (D.C. Cir. 2002) (internal citation and quotation omitted). "In pursuing this inquiry, the court will consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal citation and quotation omitted).

Mr. Edwards's claims against Best Buy arise from the same incident of alleged assault by a Best Buy employee as his previous claims. *Compare* Compl., ECF No. 1 at 1-2, *with Best*

*Buy*, Civ. No. 16-0014, ECF No. 1-1 at 7-9. Mr. Edwards does not suggest the existence of a different set of facts or make a case for why res judicata should not apply to his new claims of negligent hiring and respondeat superior. *See* Compl., ECF No. 1 at 1-4. Accordingly, the Court holds that Mr. Edwards's remaining claims share the "same nucleus of facts," *Apotex*, 393 F. 3d at 217; and "could have been raised" in his previous cases, *Penmar*, 394 F. Supp. 2d at 130.

The Court concludes that the repetitive nature of Mr. Edwards's claims against Best Buy, compounded by his repeat allegations of fraud on the court, and broadening of the case to include new defendants (the government) when the Ninth Circuit concluded his case lacked merit, is properly characterized as frivolous and unwarranted in the face of established law.

Accordingly, the Court concludes that narrowly tailored, prospective filing restrictions are necessary. *See Smith*, 44 F. Supp. at 47-48. This Court will order that Edwards is enjoined from filing new actions in U.S. District Courts arising from the incident involving Best Buy employee Mr. Klein. *See, e.g.*, *Texas v. United States*, 86 F. Supp. 3d 591, 677 (S.D. Tex.) (granting a preliminary nationwide injunction), *aff'd*, 809 F. 3d 134 (5th Cir. 2015), *aff'd* 136 S. Ct. 2271 (2016) (mem.); *Washington v. Trump*, No. C17-0141, 2017 WL 462040 at *6 (W.D. Wash. Feb. 3, 2017).

**IV.   Conclusion**

For the foregoing reasons, the Court **GRANTS** the government's and Best Buy's respective motions to dismiss. Further, Best Buy's request for attorney fees and a pre-filing injunction is **GRANTED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

> **Signed:    Emmet G. Sullivan**
> **United States District Judge**
> **September 27, 2021**